IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE NORTHERN CHEYENNE TRIBE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br>et al,                    Defendant. | CV 24-52-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

The Northern Cheyenne Tribe (the "Tribe") brings this action against the United States, the Department of the Interior, the Bureau of Indian Affairs (the "BIA"), the Secretary of the Interior, and other officials of the BIA (collectively the "United States") pursuant to the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 5301, et seq. (Doc. 1). The Tribe challenges the United States' declination of the Tribe's proposed self-determination contract to assume operation of the BIA Office of Justice Services' law enforcement Program Management function within the Northern Cheyenne Reservation.

The parties filed cross-motions for summary judgment on all claims. (Docs. 33, 37). On referral, Magistrate Judge Timothy J. Cavan recommended that the Tribe's motion be granted in part and that the United States' motion be denied. (Doc. 53 at 2, 34). Judge Cavan found that the United States violated the ISDEAA by

1

declining to contract the BIA's Program Management function to the Tribe. (*Id.* at 19–27). At the same time, Judge Cavan found that the United States did not violate ISDEAA's good faith requirement by reallocating the Program Management funding to the Telecommunications function. (*Id.* at 27–30). Instead of recommending that the BIA fully fund the proposal, Judge Cavan concluded that remand would be the appropriate remedy because the Tribe has proposed a new Program Management contract. (*Id.* at 30–34). Thus, the BIA "is in a better position to clarify the precise scope of the proposed . . . contract, and to assess whether the residual funding within the Program Management function can be awarded to the Tribe." (*Id.* at 33–34).

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file any objections within 14 days of the filing of a magistrate judge's findings and recommendations. Here, no objections were filed. When no party objects, the district court reviews the findings and recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Having conducted this review, the Court agrees with Judge Cavan's analysis and conclusions and finds no clear error.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendation (Doc. 53) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that:

(1)    The Tribe's Motion for Summary Judgment (Doc. 33) is **GRANTED to the limited extent** that the BIA's declination of the Tribe's contract is reversed.    This matter shall be remanded to the BIA for reconsideration consistent with this opinion and therefore, the Tribe's Motion for Summary Judgment is **DENIED** in all other respects.

(2)    The United States' Motion for Summary Judgment (Doc. 37) is **DENIED**.

(3)    The Clerk of Court is directed to enter judgment and close this matter.

DATED this 21ST day of July, 2026.

SUSAN P. WATTERS
United States District Judge

3